

JAN 24 2008

UNITED STATE DISTRICT COURT
District of South Dakota
Southern Division

| SCOTT MANN, | CIVIL ACTION NO. CIV08-4010 |
|---|---|
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | |
| TYSON FRESH MEATS, | |
| Defendant. | |

COME NOW Plaintiff, Scott Mann, and hereby sets forth the following causes of action against the Defendant:

### JURISDICTIONAL ALLEGATIONS

1. This action is based on the provisions of 42 U.S.C. Section 2000e, et seq., commonly referred to as the Civil Rights Act of 1964 and all amendments thereto. Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. Section 2000e-5(f). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

### VENUE

2. The venue is proper pursuant to 42 U.S.C. 2000e-5(f) because it is brought in the judicial district of the State in which the unlawful employment practice was committed and is the judicial district where Plaintiff's employment records were maintained. Venue is also proper pursuant to 28 U.S.C. Section 1391(b) because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff Scott Mann (hereinafter Plaintiff Mann) is and was at all times material hereto a citizen of the United States, a resident of Woodbury County, Iowa and over twenty-one (21) years of age.

4. Defendant Tyson Fresh Meats is and was at all times material hereto, a Delaware corporation licensed to do business in the State of South Dakota and doing business in Union County, South Dakota.

## CONDITIONS PRECEDENT

5. Plaintiff Mann has timely filed a Charge of Discrimination with the South Dakota Civil Rights Commission and the Equal Employment Opportunity Commission. (Exhibit "A" hereto). The South Dakota Department of Labor, Human Rights Division acknowledged receipt of the Charge of Discrimination on December 27, 2006 (Exhibit "B" hereto).

6. Plaintiff Mann was issued Notice of Right to Sue letters by the South Dakota Department of Labor and Division of Human Rights. (Exhibit "C" hereto and dated August 8, 2007).

7. Plaintiff Mann was issued Notice of Right to Sue letter by the Equal Employment Opportunity Commission (Exhibit "D" hereto and dated November 8, 2007).

8. The Complaint in this matter is filed with this Court within ninety (90) days from the receipt of the Notice of the Right to Sue letter from the Equal Employment Opportunity Commission referenced above and one year from receipt of the Notice of Right to Sue letter from the South Dakota Department of Labor.

## GENERAL ALLEGATIONS

9. At all times material hereto, the Defendant met the definition of "Employer" as set forth in 42 U.S.C. Section 2000e-5(b) and the Plaintiff was at all times material herein an "Employee" within the definition of said section.

10. That on or about January 17, 1994, Plaintiff Mann was hired by Iowa Beef Products, hereinafter IBP, for the position of ground maintenance. Plaintiff continued his employment after Defendant bought IBP. Sometime after January 17, 1994, Plaintiff transferred to building maintenance with Defendant's office in Dakota Dunes, South Dakota. Defendant terminated Plaintiff's employment on September 1, 2006.

## COUNT 1
## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

COMES NOW the Plaintiff and for his cause of action against the Defendant alleges:

11. Plaintiff realleges paragraphs 1 to 10 as if set out herein.

12. At all times material hereto, Defendant required Plaintiff to work in a hostile and pervasive atmosphere of sexual discrimination and harassment. The harassment of Plaintiff included, but is not limited to, the following:

   a. On or about August, 2006, Plaintiff observed co-worker Doyle Pilgrim (Pilgrim) grab co-worker Nancy Sullivan's breast and crotch.

   b. Plaintiff reported Pilgrim's behavior to Vickky Christenson (Christenson) in human resources.

   c. Defendant's Harassment and Discrimination policy signed by the Plaintiff on June 24, 2006, provides "(a)ll team members are responsible for

discouraging harassment and/or discrimination in the workplace. Should a team member witness, experience and/or learn about harassment or discrimination, the team member must report it immediately."

    d. Defendant placed Plaintiff on unpaid suspension from August 26, 2006, to September 7, 2006, while investigating the allegations of harassment by Pilgrim.

    e. Ultimately, Defendant learned from other employees that Pilgrim committed acts that would constitute sexual harassment (asking an employee to unbutton the top button of her shirt, telling an employee she looked "hot", attempting to lift a female employee's shirt, attempting to grab a female employee's breasts, etc.).

    f. Plaintiff was subjected to retaliation by Defendant because of his compliance with the Defendant's policy regarding the reporting of inappropriate sexual behavior in the workplace and his complaint to Human Resources. Further, Plaintiff was subject to retaliation by Defendant when Plaintiff was terminated for making the complaint. Further, Plaintiff was falsely accused of making the complaint.

13. Defendant created a sexually hostile work environment by suspending Plaintiff without pay and thereafter terminating Plaintiff. Defendant knew or should have known of the sexually hostile work environment at the Dakota Dunes location and failed to take corrective action. Instead, Defendant allowed the sexually hostile

work environment to continue and retaliated against the Plaintiff for reporting pursuant to the Defendant's own policy.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant, declaring the conduct engages in by the Defendant to be in violation of the Plaintiff's rights and award damages as follows:

 a)   Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendant's illegal conduct including but not limited to back pay with interest, front pay, benefits including retirement benefits, training, promotions and seniority;

 b)   Plaintiff be awarded compensation for past, present and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

 c)   Plaintiff be awarded punitive damages in an amount appropriate to punish the Defendant for willful and malicious misconduct and necessary to deter the Defendant from engaging in such misconduct in the future;

 d)   Plaintiff be awarded injunctive relief preventing Defendant from future unlawful practices;

 e)   Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(k);

 f)   Plaintiff be awarded interest provided by law; and

g)  Such other and further relief as the Court may deem proper.

## COUNT II
## RETALIATION

COMES NOW Plaintiff, for his cause of action against the Defendant, and allege:

14.  Plaintiff repleads paragraphs 1 through 13 above.

15.  Plaintiff resisted and exposed the sexually hostile work environment fostered by the Defendant's conduct.

16.  Plaintiff properly complained about the sexually hostile work environment to Human Resources as required by Defendant's sexual harassment policies.

17.  Instead of taking appropriate action to end the sexually hostile work environment, Defendant instead retaliated against the Plaintiff through adverse employment actions, up to and including termination of Plaintiff's employment.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant, declaring the conduct engages in by the Defendant to be in violation of the Plaintiff's rights and award damages as follows:

a)  Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendant's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b)  Plaintiff be awarded compensation for past, present and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c)   Plaintiff be awarded punitive damages in an amount appropriate to punish the Defendant for willful and malicious misconduct and necessary to deter the Defendant from engaging in such misconduct in the future;

d)   Plaintiff be awarded injunctive relief preventing Defendant from future unlawful practices;

e)   Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(k);

f)   Plaintiff be awarded interest provided by law; and

g)   Such other and further relief as the Court may deem proper.

## COUNT III
## SOUTH DAKOTA CODE CH. 20-13

COMES NOW the Plaintiff and for his cause of action against the Defendant alleges:

18. Plaintiff replead paragraphs 1 through 17 above.

19. Plaintiff resisted the sexually hostile work environment fostered by the Defendant's conduct.

20. Plaintiff complained about the sexually hostile work environment to the Human Resources Department of the Defendant.

21. Instead of taking appropriate action to end the sexually hostile work environment, Defendant instead retaliated against Plaintiff through adverse employment actions, up to and including termination.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant, declaring the conduct engages in by the Defendant to be in violation of the Plaintiff's rights and award damages as follows:

h) Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendant's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

i) Plaintiff be awarded compensation for past, present and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

j) Plaintiff be awarded punitive damages in an amount appropriate to punish the Defendant for willful and malicious misconduct and necessary to deter the Defendant from engaging in such misconduct in the future;

k) Plaintiff be awarded injunctive relief preventing Defendant from future unlawful practices;

l) Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(k);

m) Plaintiff be awarded interest provided by law; and

n) Such other and further relief as the Court may deem proper.

Dated this 24 day of January, 2008.

RHINEHART LAW, P.C.

By_____
Matthew R. Metzgar
505 5th St., Ste. 310
Sioux City, IA 51101
(712) 258-8706
(712) 233-3417 (fax)
ATTORNEYS FOR SCOTT MANN

## JURY DEMAND

COMES NOW the Plaintiff and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury of all issues alleged in the Complaint.

Dated this 24 day of January, 2008.

RHINEHART LAW, P.C.

By_____
Matthew R. Metzgar
505 5th St., Ste. 310
Sioux City, IA 51101
(712) 258-8706
(712) 233-3417 (fax)
ATTORNEYS FOR SCOTT MANN