FILED
SEP 24 2008

UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SCOTT MANN, | CIV. 08-4010 |
| Plaintiff, | |
| -vs- | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS |
| TYSON FRESH MEATS, INC., a subsidiary of Tyson Foods, Inc., | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Scott Mann, brought this action under Title VII of the Civil Rights Act of 1964 and SDCL 20-13-29 against his former employer, Tyson Fresh Meats, Inc. ("Tyson"), alleging Plaintiff was subjected to a hostile work environment while working for Defendant and was terminated by Defendant in retaliation for reporting sexual harassment in the workplace. Plaintiff's hostile work environment claims are based upon the discrimination and harassment by a male co-worker of one or more female employees. Defendant has moved to dismiss Plaintiff's hostile work environment claims under federal and state law (Counts I and III) for failure to exhaust administrative remedies, or in the alternative, for lack of standing. Additionally, Defendant has moved to dismiss Plaintiff's retaliation claim under state law (Count III) for failure to state a claim upon which relief can be granted.

BACKGROUND

On or about January 17, 1994, Plaintiff was hired by Iowa Beef Products ("IBP") for the position of ground maintenance. Plaintiff continued his employment after Defendant, Tyson, bought IBP. Sometime after January 17, 1994, Plaintiff transferred to building maintenance with Defendant's office in Dakota Dunes, South Dakota.

On or about August 2006, while Plaintiff was still an employee of Tyson, Plaintiff

observed co-worker, Doyle Pilgrim ("Pilgrim"), grab the breast and crotch of co-worker, Nancy Sullivan. Pursuant to Defendant's Harassment and Discrimination Policy, Plaintiff reported Pilgrim's behavior to Vickky Christenson ("Christenson') in Human Resources. On June 24, 2006, Plaintiff signed and acknowledged Defendant's Harassment and Discrimination Policy which specifically provides that "(a)ll team members are responsible for discouraging harassment and/or discrimination in the workplace. Should a team member witness, experience and/or learn about harassment or discrimination, the team member must report it immediately."

After Plaintiff reported Pilgrim's conduct to Christenson, Plaintiff was suspended without pay from August 26, 2006, to September 1, 2006, while Defendant investigated Plaintiff's allegations of harassment. Other employees ultimately informed Defendant that they were allegedly subjected to harassment by Pilgrim. Acts by Pilgrim that were mentioned by these employees include, but are not limited to, asking an employee to unbutton the top button of her shirt, telling an employee she looked "hot,"attempting to lift a female employee's shirt, and attempting to grab a female employee's breasts.

After the Defendant concluded the investigation, Defendant accused Plaintiff of making a false complaint and on September 1, 2006, Defendant terminated Plaintiff's employment.

Plaintiff filed a Charge of Discrimination with the South Dakota Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The South Dakota Department of Labor, Human Rights Division ("SDDHR"), acknowledged receipt of the Charge of Discrimination on December 27, 2006. On the Charge of Discrimination form, the only box that was checked indicating a basis of discrimination was "Retaliation." In particular, Plaintiff alleged in the Charge that: (1) [o]n or about August 28, 2006, I observed co-worker Doyle Pilgrim grab co-worker, Nancy Sullivan's, breast and crotch; (2) I immediately reported Mr. Pilgrim's behavior to Vickky Christenson in Human Resources; (3) I was suspended that same day without pay during the investigation of my complaint; (3) [o]n September 9, 2006, I was discharged; (5) [o]ther women who work in the Mail Room have reported Mr. Pilgrim for similar behavior.

Plaintiff was issued Notice of Right to Sue letters by the Division of Human Rights and the EEOC on August 8, 2007, and November 8, 2007, respectively. Then on January 24, 2008, Plaintiff filed this action in the United States District Court for the District of South Dakota,

2

Southern Division, pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. 2000e-5(f) (2000), and 28 U.S.C. 1367. Plaintiff asserts three claims in this action. In Count I, Plaintiff alleges that he was required to work in a hostile and pervasive atmosphere of sexual discrimination and harassment in violation of federal law. In Count II, Plaintiff asserts that he was wrongfully discharged in violation of federal law for reporting harassment by a male co-worker of one or more female employees. Finally, Count III alleges that, in violation of state law, Plaintiff was subjected to a hostile work environment while working for Defendant and was terminated by Defendant in retaliation for reporting sexual harassment in the workplace.

Defendant has moved to dismiss Plaintiff's hostile work environment claims under federal and state law (Counts I and III) for failure to exhaust administrative remedies, or in the alternative, for lack of standing. Additionally, Defendant has moved to dismiss Plaintiff's retaliation claim under state law (Count III) for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

### Rule 12(b)(6) Standard

A motion to dismiss for failure to exhaust administrative remedies under Title VII should be evaluated by the Court under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir. 2005) (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)). In considering a motion to dismiss pursuant to Federal Rule 12(b)(6), a court confines its review to the facts alleged in the complaint and any attachments to the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (8th Cir. 2003) (*citing Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). All facts alleged in the complaint will be viewed by the Court in the light most favorable to the non-moving party, *McMorrow v. Little*, 434 (8th Cir. 1997), and the complaint should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

### Rule 12(b)(1) Standard

Although Defendant moves to dismiss Plaintiff's state law hostile work environment

claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court finds that such a motion would more properly have been brought under Rule 12(b)(1) for lack of subject matter jurisdiction and thus the Court will evaluate this claim accordingly. It is well-established in the Eighth Circuit that a plaintiff's failure to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite, *Coons*, 410 F.3d at 1040, and Defendant cites these cases for the proposition that the Court should thus evaluate Plaintiff's state law hostile work environment claim pursuant to Rule 12(b)(6). However, whether or not exhaustion is a jurisdictional prerequisite to judicial review is a question of legislative intent and therefore such a determination depends on the particular statute under which a plaintiff's claims arise. *Patsy v. Bd. of Regents*, 457 U.S. 496, 502, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982) (stating that a court's exercise of jurisdiction under a federal statute must be consistent with Congressional intent).

Courts generally look to the text and structure of a statute as well as legislative history in deciding whether Congress intended exhaustion under a particular federal statute to be a prerequisite to jurisdiction. For example, in *Zipes v. Trans World Airlines*, the United States Supreme Court based its holding that Congress did not intend exhaustion under Title VII to be a jurisdictional prerequisite to judicial review on the following findings: (1) the provision in the statute mandating exhaustion is separate and apart from the jurisdictional provision; and (2) the legislative history of the statute indicated that Congress intended the period of exhaustion to operate as a statute of limitations instead of a jurisdictional requirement. *Zipes*, 455 U.S. at 393-94. Contrary to the finding made by the Supreme Court in regards to Title VII, the Ninth Circuit found that Congress intended exhaustion with the Board of Immigration Appeals to be a jurisdictional prerequisite to review by a federal court because the statute under which the right of appeal arises, 8 U.S.C.§ 1252(d)(1), states that a "court may review a final order of removal *only if*...the alien has exhausted all administrative remedies available to the aline as of right." *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (emphasis added).

With regard to rights arising under state law, federal courts also look to the intent of the legislature as evidenced by the text and structure of a particular state statute in deciding whether exhaustion of administrative remedies is a jurisdictional prerequisite to judicial review. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001); *Talley v. Wash. Inventory Serv.*, 37 F.3d 310,

311 (7th Cir. 1994). The Seventh Circuit held in *Talley v. Wash. Inventory Serv.*, that the Illinois legislature clearly intended claimants to exhaust administrative remedies prior to seeking judicial review of human rights violations that fall within the purview of the Illinois Human Rights Act. *Talley*, 37 F.3d at 310 (*citing Mein v. Masonite Corp.,* 485 N.E.2d 312, 314-15 (Ill. 1985). In support of its holding, the court in *Talley* cited a decision issued by the Illinois Supreme Court which pointed to the comprehensive scheme of remedies and administrative procedures provided for by the Act, as well as specific language in the Act, as evidence that the state legislature intended to mandate exhaustion of state remedies. *Mein*, 485 N.E.2d at 314-15.

Similarly in *Jones v. Grinell Corp.*, the Fifth Circuit acknowledged that exhaustion of state administrative remedies under the Texas Human Rights Act is mandatory prior to seeking judicial review. *Jones*, 235 F.3d at 974 (*citing Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). In doing so, the court in *Jones* cited *Schroeder v. Tex. Iron Works, Inc.*, a case issued by the Supreme Court of Texas, which discussed in detail how precluding judicial review until a complainant has exhausted his or her state administrative remedies is consistent with the intent of the Texas legislature. *Schroeder*, 813 S.W.2d at 485. Specifically, the court in *Schroeder* noted that provisions in the Act, such as section 701(a) which provides that "within 60 days *after the date of receipt of the notice*, a civil action may be brought by the complainant...," are evidence that the state legislature intended filing a complaint with the Commission to be a prerequisite to suit. *Id.* at 487. (emphasis added) Additionally, although the defendant in *Schroeder* argued that section 6.01(a) of the Act which states, "[a] person claiming to be aggrieved by an unlawful employment practice...*may* file with the commission a complaint..." is evidence that the legislature intended to make filing with the Commission optional, the court held otherwise, finding that the use of the word "may" indicates only that a person who believes a violation of the CHRA has occurred, may, but is not obligated to, seek redress. *Id.* at 486.

Upon examining the exhaustion requirement stated in SDCL 20-13-29, under which Plaintiff's claim arises in this case, the Court finds that the South Dakota Legislature intended exhaustion to be a prerequisite to judicial review. Similar to the human rights statutes examined by the courts in *Jones* and *Schroeder*, SDCL ch.20-13 prescribes a comprehensive scheme of remedies and administrative procedures and also includes language indicating that exhaustion with the SDDHR is mandatory. SDCL 20.13.35.1 (stating that charging party may seek judicial

5

review "no later than twenty days *after the issuance of notice*...") (emphasis added); *Jansen v. Lemmon Fed. Credit Union*, 562 N.W.2d 122, 123-24 (S.D. 1997) (giving an overview of the administrative process under SDCL ch. 20-13). Even though SDCL 20-13-29 states that a complainant *may* file with the Division, the Supreme Court of South Dakota, like the Supreme Court of Texas in *Jones*, found that the use of the word "may" does not modify the filing requirement, but rather indicates that a person claiming to be aggrieved by a discriminatory or unfair practice has a choice whether to seek redress under the statute. *See Montgomery v. Big Thunder Gold Mine, Inc.*, 531 N.W.2d 577, 579 (S.D. 1995).

In sum, because the Court finds that the state legislature intended a complainant to exhaust the administrative remedies provided under SDCL 20-13-29 prior to seeking judicial relief, the Court will evaluate Defendant's Partial Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

The legal standard this Court shall use to evaluate a motion to dismiss pursuant to Rule 12(b)(1) depends on whether the Court must resolve a facial or a factual attack on subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). A facial attack requires a court to determine if a plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* As with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court evaluating a facial challenge under Rule 12(b)(1) must accept all facts in the complaint as true and view the complaint in the light most favorable to the non-moving party. *Id.* In a factual attack, however, a court does not presume the allegations to be true because the jurisdictional facts themselves are challenged. *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4], at 12-39 (3d ed. 2007). The court thus has wide discretion in such a case, to look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *Osborn*, 918 F.2d at 730.

Because the EEOC Charge attached to Plaintiff's complaint is considered to be part of the pleadings, *Mattes*, 323 F.3d at 698 n.4, the Defendant's challenge to the Court's jurisdiction to hear Count III of Plaintiff's complaint is a facial challenge. In particular, Defendant argues that Plaintiff did not properly exhaust his administrative remedies because he failed to detail any instances of ongoing harassment in his Charge which would place the agency on notice to

6

investigate a present claim of discrimination. In light of Defendant's facial challenge to the Court's jurisdiction to hear this claim, the Court must accept all facts as alleged in the complaint as true in evaluating Defendant's motion to dismiss pursuant to Rule 12(b)(1) and draw all inferences in the light most favorable to the Plaintiff. *Id.*

## DISCUSSION

*A. Count I - Hostile Work Atmosphere Resulting From Sexual Discrimination and Harassment in Violation of Federal Law*

Before an individual may bring a Title VII suit, one must file a charge with the EEOC within 180 days after the alleged unlawful practice occurred, except if the person "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," in which case the person must file a charge with the EEOC within 300 days after the alleged unlawful practice occurred 42 U.S.C. § 2000e-5(e)(1).

In this case, Plaintiff filed a timely complaint with both the SDDHR and the EEOC and was issued a right to sue letter by both agencies. However, on the Charge of Discrimination form, the only box that was checked indicating a basis of discrimination was "Retaliation" and thus Plaintiff failed to specifically allege a claim of sex discrimination. Defendant argues that in light of this omission, Plaintiff's allegation of a prior incidence of discrimination in his Charge to the EEOC was insufficient to place the agency on notice to investigate a present claim of discrimination. Accordingly, Defendant moves to dismiss Count I of Plaintiff's complaint alleging a hostile work environment predicated upon sexual discrimination and harassment on the basis that Plaintiff failed to properly exhaust administrative remedies.

A plaintiff is deemed "to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citations omitted). The "reasonably related" exception to the exhaustion requirement is based upon the recognition that frequently plaintiffs file administrative charges *pro se* and thus courts must interpret administrative charges "with the utmost liberality in order

7

not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988); *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). However, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted). The rationale behind the exhaustion requirement is to provide an administrative agency an opportunity to "investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Id.* at 585. The central question, therefore, in determining whether Plaintiff has properly exhausted his administrative remedies in this case is whether the complaint filed with the Division gave the agency adequate notice to investigate a charge of retaliation as well as sexual discrimination. *Williams*, 458 F.3d at 70 (citation omitted); *see Parisi*, 400 F.3d at 585-86 (finding that plaintiff failed to exhaust administrative remedies as to acts of alleged age discrimination occurring after the incident specified in the charge since the EEOC had no notice to investigate such discrete acts).

The Eighth Circuit has routinely held that charges alleging retaliation for complaining about antecedent sexual harassment are not sufficient to place an administrative agency on notice of a present charge of discrimination. *Duncan v. Delta Consol. Indus.*, 371 F.3d 1020, 1025-26 (8th Cir. 2004); *see also Wallin v. Minn. Dept. of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998) (retaliation claims are not reasonably related to the underlying discrimination claims); *Williams*, 21 F.3d. at 223 (finding that a complaint that alleges retaliation for filing a past charge of discrimination is insufficient to place the EEOC on notice of a present charge of racial discrimination). For example, in *Duncan v. Delta Consol.,* a case very similar to the present case, plaintiff checked only the "retaliation" box on her EEOC charge form as the type of discrimination she had suffered, and failed to also check the "sex" box on that form. *Duncan*, 371 F.3d at 1025. The Eighth Circuit Court of Appeals upheld the district court's decision to dismiss the plaintiff's sexual discrimination claims for failure to exhaust administrative remedies. *Id.* at 1026. The court held that as a result of Plaintiff's failure to check the "sex" box on the EEOC charge form as the type of discrimination she suffered, or to include details concerning any ongoing harassment, the EEOC was not sufficiently put on notice of a present

charge of sexual harassment. *Id.*

Precedent from the Eighth Circuit compels this Court to dismiss Plaintiff's hostile work environment claim under Title VII for failure to properly exhaust administrative remedies. As in *Duncan*, Plaintiff in this case failed not only to check the box alleging a present claim of discrimination on the basis of sex, but also failed to detail any instances of ongoing harassment that would place the EEOC on notice to investigate a present charge of discrimination. Specifically, the facts supporting Plaintiff's retaliation claim allege that he was suspended and ultimately terminated for reporting an incident of sexual harassment of a co-worker that occurred on August 28, 2006. Plaintiffs reference to a past incident of harassment is simply insufficient to place the SDDHR on notice of a present charge of sexual discrimination. Accordingly, the Court dismisses Count I of Plaintiff's claim without prejudice for failure to exhaust administrative remedies.

B.   *Count III - Hostile Work Atmosphere Resulting From Sexual Discrimination and Harassment and Retaliation in Violation of State Law*

   *i. Hostile work environment*

Defendant has challenged the Court's subject matter jurisdiction over Plaintiff's state hostile work environment claim on two different bases.[1] First, as with Plaintiff's comparable complaint under federal law, Defendant contends that Plaintiff has failed to properly exhaust his administrative remedies as to this claim. Specifically, Defendant argues that in his Charge to the EEOC, Plaintiff failed to allege present instances of discrimination sufficient to place the agency on notice to investigate a claim of sexual discrimination. Second, Defendant contends that Plaintiff lacks standing to bring a hostile work environment claim when the discrimination and harassment that allegedly rendered the working environment hostile, was directed towards persons other than the Plaintiff. The Court must first determine whether it has proper subject matter jurisdiction over this claim before addressing the claim on its merits. *Steel Co. v. Citizens*

---

[1] As discussed in detail above, the Court will analyze Defendant's motion to dismiss Plaintiff's state law claim for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(1).

9

*for a Better Envt.*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998).

<u>Failure to exhaust administrative remedies</u>

Defendant argues that, as with his hostile work environment claim under Title VII, Plaintiff has failed to properly exhaust administrative remedies under state law. In particular, Defendant contends that as a result of Plaintiff's failure to check the "sex" box on the EEOC charge form as the type of discrimination he suffered, or to include details concerning any ongoing harassment, the EEOC was not sufficiently put on notice of a present charge of sexual harassment.

The Court is bound under *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938), to apply the laws of the State of South Dakota to Plaintiff's claims that arise under state law. *See also* § 28 U.S.C. 1652. However, unlike federal courts which have extensively addressed what actions constitute exhaustion of remedies under federal discrimination laws, courts in South Dakota have not yet addressed this issue as to state discrimination laws. When this Court is applying South Dakota law under *Erie*, and the South Dakota Supreme Court has not specifically addressed an issue, the Court must determine what the state supreme court would probably hold were it to decide the issue. *Farr v. Farm Bureau Ins. Co.*, 61 F.3d 677, 679 (8th Cir. 1995). In resolving such questions, the Court may consider relevant state precedent, analogous decisions, scholarly works, and other reliable data. *See id.* These data include judicial decisions from other jurisdictions whose doctrinal approach to legal matters is substantially the same as South Dakota's and developing trends in the relevant field of substantive law. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d § 4507*, at 190-200 (1996).

The Court finds that Defendant insufficiently exhausted his administrative remedies under state law because he failed to include details concerning ongoing harassment in his charge to the SDDHR which would place the agency on notice to investigate a present charge of discrimination on the basis of one's sex. The Supreme Court of South Dakota has concluded that just like the EEOC, the SDDHR's primary role is to investigate allegations of employment discrimination and engage the parties in conciliation. *See Jansen,* 562 N.W.2d at 123-24 (describing the investigatory and conciliatory procedures undertaken by the Division when presented with a charge of discrimination). It would therefore appear that failure to specifically

10

allege facts supporting a present charge of discrimination would deprive the SDDHR of notice of a present claim of discrimination just as it would deprive the EEOC of such notice. Permitting a Plaintiff to proceed in such a case would thus defeat the very purpose of the exhaustion mandate and undermine the exclusive authority of the SDDHR over this claim. Accordingly, the Court finds that as with Plaintiff's hostile work environment claim under federal law, Plaintiff has failed to properly exhaust his administrative remedies because he did not allege facts sufficient to alert to SDDHR to a present charge of discrimination.

Because the Court lacks subject matter jurisdiction over Plaintiff's state law hostile work environment claim as a result of Plaintiff's failure to properly exhaust his administrative remedies, the Court need not address whether Plaintiff has standing to bring this claim when the discrimination complained of was directed toward persons other than the Plaintiff. The Court thereby dismisses without prejudice Plaintiff's state law hostile work environment claim as alleged under Count III of the complaint.

### ii. Retaliation

The Court has supplemental jurisdiction over Plaintiff's state law retaliation claim pursuant to 28 U.S.C. 1367(a). Section 1367(a) authorizes supplemental jurisdiction "over all other claims in the action so related to the claim falling within a court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A claim is considered to be part of the "same case or controversy" if it arises from a "common nucleus of operative fact" - meaning, "without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding...." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.3d.2d 218 (1966). In cases in which the same acts violate parallel federal and state laws, the common nucleus of operative facts is considered to be obvious and federal courts routinely exercise supplemental jurisdiction over such state law claims. *See, e.g., Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (citation omitted); *Vreelan v. Ethan Allen, Inc.*, 828 F.Supp. 14, 15 (S.D.N.Y. 1993) (age discrimination prohibited by both federal and state law). Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law retaliation claim because the elements necessary to prove such a claim are identical to those

11

necessary to prove Plaintiff's Title VII retaliation claim which falls within the Court's original jurisdiction. *See Huck v. McCain Foods*, 479 N.W.2d 167, 169 (S.D. 1991) (stating that SDCL 20-13-10 is comparable to the corresponding provision in Title VII of the Civil Rights Act of 1964).

Citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1974, Defendant contends that Plaintiff has not set forth enough specific factual allegations in support of his state law retaliation claim to survive a motion to dismiss under Rule 12(b)(6). This Court disagrees. In order to prove a *prima facie* claim of retaliation, a plaintiff must prove: "(1) he engaged in Title VII protected activity (reported sexual harassment); (2) he subsequently suffered an adverse employment action; and (3) [there was] a causal link between engaging in protected activity and the adverse employment action." *Leslie v. Hy-Vee Foods, Inc.*, 679 N.W.2d 785, 789 (S.D. 2004) (citation omitted). In Count III of his complaint, Defendant expressly incorporates allegations made in Count II which states a *prima facie* claim of retaliation. Specifically, Plaintiff alleges that immediately after he reported the alleged incident of discrimination to Human Resources, he was placed on unpaid leave for an entire week while Defendant investigated Plaintiff's allegations. After the investigation concluded, Defendant was terminated from employment for allegedly making a false complaint. These factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. At 1960.

For the foregoing reasons, it is hereby ORDERED:

(1) Defendant's motion to dismiss Plaintiff's hostile work environment claims pleaded under Title VII in Count I and under state law in Count III is granted and these claims are dismissed without prejudice due to Plaintiff's failure to adequately exhaust his administrative remedies in that Plaintiff did not give adequate notice in either instance of hostile work environment claims;

(2) Defendant's motion to dismiss Plaintiff's state law retaliation claim pleaded in Count III is denied.

Dated this 24th day of September, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Colleen Schulte
DEPUTY